UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

REGINALD T. HANNAH,

                        Plaintiff,

v.

S. UHLER, Correctional Guard, Clinton Correctional
Facility and BRIAN FISCHER, Commissioner of
Department of Correctional Services,

                        Defendants.

9:08-CV-0607
(GLS)

APPEARANCES:

REGINALD T. HANNAH[1]
04-R-2290
Southport Correctional Facility
P.O. Box 2000
Pine City, NY 14871
Plaintiff, *pro se*

GARY L. SHARPE, United States District Judge

**DECISION and ORDER**

      The Clerk has sent to the Court a civil rights complaint, together with an application to proceed *in forma pauperis*, submitted for filing by plaintiff Reginald T. Hannah, who is currently incarcerated at Clinton Correctional Facility. Dkt. Nos. 1, 2. Hannah has not paid the filing fee. For the reasons stated below, Hannah's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2).

**I.    Background**

      In his *pro se* complaint, Hannah alleges that he was denied due process in the course of a disciplinary proceeding held on October 18, 2007. Dkt. No. 1. For a more complete

---

[1] Hannah has one other action pending in this District. *See Hannah v. Vanguilder*, 9:08-CV-0441 (GLS).

statement of Hannah's claims, refer to the complaint.

## II. Discussion

Turning to Hannah's *in forma pauperis* application, the Court finds that Hannah may properly commence this action *in forma pauperis* because he sets forth sufficient economic need.  Dkt. No. 2.

Since the Court has found that Hannah meets the financial criteria for commencing this case *in forma pauperis*, the Court must now consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915(e).  Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. §§ 1915(e)(2) and 1915A.  Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with this action *in forma pauperis*.  *See id.*

Likewise, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (citation omitted).

Hannah brought this action under 42 U.S.C. § 1983 ("Section 1983"). Section 1983 establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *German v. Fed. Home Loan Mortg. Corp.*, 885 F.Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted); *see also Myers v. Wollowitz*, No. 95-CV-0272, 1995 WL 236245, *2 (N.D.N.Y. Apr. 10, 1995) (McAvoy, C.J.) (Section 1983 "is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights.").

An inmate may, however, not assert a damages claim under Section 1983 that attacks the fact or length of the inmate's confinement without first showing that the conviction or sentence has been reversed or otherwise invalidated. *See Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994); *Amaker v. Weiner,* 179 F.3d 48, 51 (2d Cir.1999). Absent such a showing, an inmate may only seek relief in the federal courts through a petition for habeas corpus. *See Jenkins v. Haubert,* 179 F.3d 19, 23 (2d Cir.1999).

The *Heck* Court directed that "when a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgment in favor of the plaintiff **would necessarily imply the invalidity of his conviction or sentence**; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* (emphasis added). The United States Supreme Court later extended this holding to inmate disciplinary proceedings, challenging the loss of good time credits, where the validity of a disciplinary or administrative sanction would affect the length of plaintiff's confinement. *See Edwards v. Balisok,* 520 U.S. 641 (1997). An inmate challenging the denial of good time credits must meet the requirements set forth in *Heck* even if he does

not seek the restoration of the good time credits. *See Edwards,* 520 U.S. at 644-48 (1997).

After the October 18, 2007 disciplinary hearing, Hannah was found guilty of the offenses charged and sentenced to confinement for twelve months in the Segregated Housing Unit, loss of packages, commissary and phone privileges, and an eighteen month loss of good time. Docket 1 at 10. The hearing disposition was affirmed on appeal and Hannah has not demonstrated that his sentence has in any way been invalidated. *Id.*

Accordingly, to the extent that Hannah seeks monetary damages relating to his disciplinary hearing which resulted in the loss of good time credits, his claims are barred by *Heck* because he has not established that the result of his disciplinary hearing has been overturned or invalidated.

Moreover, were Hannah seeking to alter the fact or duration of his custody by seeking restoration of his good time credits, he is advised that such relief may only be obtained by way of a habeas corpus petition brought pursuant to 28 U.S.C. § 2254. *See id.; Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973) ("[c]ongress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity" of their underlying criminal conviction); *see also Channer v. Mitchell*, 43 F.3d 786, 787 (2d Cir. 1994) ("habeas corpus -- not a § 1983 action -- provides the sole federal remedy where a state prisoner challenges the fact or duration of his imprisonment ....") (citing *Preiser*). Before seeking habeas relief under § 2254, Hannah is advised that he will be required to demonstrate that he has exhausted all available state remedies. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Daye v. Attorney General of the State of New York*, 696 F.2d 186, 190 (2d Cir. 1982).

**C.     Conclusion**

Based on the foregoing, Hannah's complaint fails to state a claim upon which relief may be granted, therefore this action is dismissed without prejudice.[2]  *See* 28 U.S.C. §§ 1915(e) and 1915A.

WHEREFORE, it is hereby

ORDERED that this action is **dismissed without prejudice** pursuant to 28 U.S.C. §§ 1915(e) and 1915A for failure to state a claim upon which relief may be granted,[3] and it is further

ORDERED that Hannah's *in forma pauperis* application is **denied as moot**, and it is further

CERTIFIED that, pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this matter would not be taken in good faith, and it is further

ORDERED that the Clerk serve a copy of this Decision and Order on the Hannah.

IT IS SO ORDERED.

Dated:    June 17, 2008

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge

---

[2] *See Amaker v. Weiner*, 179 F.3d 48 (2d Cir.1999) (dismissal under *Heck* is without prejudice; if plaintiff's conviction or sentence is later declared invalid or called into question by a federal court's issuance of a writ of habeas corpus, the suit may be reinstated).

[3] Although "the usual practice is to allow leave to replead a deficient complaint, *see* Fed. R. Civ. P. 15(a); *see also Ronzani v. Sanofi, S.A.*, 899 F.2d 195, 198 (2d Cir. 1990), such leave may be denied where amendment would be futile, *see Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (per curiam) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend.")."  *Price v. Hasly*, No. 04-CV-0090S, 2004 WL 1305744, *2 (W.D.N.Y. June 8, 2004).